**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANGELA MERICIA BACA, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3134-MLCF-SS** |
| **BROTHER'S FRIED CHICKEN, et al** | |

**ORDER**

DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT (Rec. doc. 16)

    **DENIED**

PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (Rec. doc. 23)

    **GRANTED**

Before the undersigned are: (1) the motion of the defendants, Omar Hamdan, Fatmah Hamdan, Alberta, Inc., FHH Properties, LLC, and Alberta Management, LLC, pursuant to Fed. R. Civ. P. 12(e), for a more definite statement; and (2) the motion of the plaintiffs, Angela Mericia Baca and Abigail Analqueto, for a protective order limiting inquiries with *in terrorem* effect. The motions are related. The defendants' seek an order requiring the plaintiffs to provide Social Security numbers and addresses. The plaintiffs seek a protective order barring the defendants from inquiring into this information. In Topo v. Dhir, 210 F.R.D. 76 (S.D.N.Y. 2002), the court stated:

> Courts have generally recognized the in terrorem effect of inquiring into a party's immigration status when irrelevant to any material claim. In particular, courts have noted that allowing parties to inquire about the immigration status of other parties, when not relevant, would present a danger of intimidating that would inhibit plaintiffs in pursuing their rights.

Id. at p. 78 (Emphasis added and citations, brackets and quotation marks omitted). The plaintiffs contend the information is not relevant to their claims. The determination whether information is

relevant to the claim or defense of any party depends on the circumstances of the pending action. Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments.

The plaintiffs seek relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, and Louisiana Wage Payment Act ("LWPA"), La. Rev. Stat. Ann. § 23:631A(1), and allege that: (1) defendants own and operate "Brother's Fired Chicken at 3201 Elysian Fields Avenue; (2) Baca worked there from October, 2007 through July, 2008; (3) Analqueto worked there from January, 2008 through August, 2008; (4) they worked in the kitchen; (5) they were promised a wage; (6) they routinely worked in excess of 40 hours per week; (7) they were paid in cash and were not provided pay stubs; (8) they were not paid timely; (9) they were not paid minimum and overtime wages; and (10) when they demanded their wages, defendants retaliated. Rec. doc. 1.

The Fifth Circuit in In re Reyes, 814 F.2d 168,170 (5th Cir. 1987), issued a writ of mandamus and determined that the district court erred in ordering migrant agricultural workers with FLSA claims to answer questions concerning their citizenship and immigration status. It cited the "well established" fact that the FLSA was "applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant." Id. The Fifth Circuit held:

> The district court, however, in this case ordered discovery as to information which was completely irrelevant to the case before it and was information that could inhibit petitioners in pursuing their rights in the case because of possible collateral wholly unrelated consequences, because of embarrassment and inquiry into their private lives which was not justified, and also because it opened for litigation issues which were not present in the case.
>
> * * *
>
> [T]here is much stronger justification in this case [for a writ of mandamus] where there is no possible relevance and the discovery could place in jeopardy unrelated personal status matters.

Id. at 170-71. Inasmuch as the protections provided by the FLSA apply to undocumented aliens, the

plaintiffs' immigration status, Social Security numbers and addresses are not relevant. In Agusiegbe v. Petroleum Associates of Lafayette, 486 So.2d, 314 (La. App. 3rd 1986), the defendant contended that the plaintiff falsely represented himself to be employable as a U.S. citizen. The court held that the LWPA applied to all employees, regardless of their nationality. Id. at 316. The information sought by defendants is not relevant to plaintiffs' LWPA claims.

The defendants urge that the information is required to permit them to comply with the provisions of the Internal Revenue Code for the completion of Forms 1099 and W-2. The burden of reporting payroll information rests with the employer. The defendants have not demonstrated why they could not have obtained this information when the plaintiffs first began working for them. The plaintiffs are not required to provide it to defendants in connection with the pending FLSA and LWPA claims.

The defendants also request a more definite statement on other issues, for example whether they contend they were terminated or they quit their employment. A motion for a more definite statement is not favored and the motion is granted sparingly. 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 12.36[1] (3d ed. 1997). "In the presence of proper, although general, allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information." Id. A claim for relief is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a). The plaintiffs' complaint satisfies the requirements of Rule 8(a). The remaining issues raised by defendants can be resolved through discovery.

IT IS ORDERED that: (1) defendants' motion for more definite statement (Rec. doc. 16) is DENIED; and (2) plaintiffs' motion for a protective order limiting inquiries with in *in terrorem*

effect (Rec. doc. 23) is GRANTED in that plaintiffs are not required to provide defendants with the following information: (a) immigration status; (b) Social Security numbers; and (c) addresses.

New Orleans, Louisiana, this 13th day of May, 2009.

**SALLY SHUSHAN**  
**United States Magistrate Judge**